Filed 9/4/24  P. v. Luna CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>STEVEN CHARLES LUNA, JR.,<br><br>　　　Defendant and Appellant. | A168610<br><br>(Mendocino County Super. Ct. No. 21CR00659) |

　　　After a series of probation violations, the trial court revoked Stephen Charles Luna, Jr.'s probation and imposed a previously suspended four-year prison sentence for first degree burglary.  In this appeal, Luna maintains that his case should be remanded for the trial court to consider whether Penal Code section 1170, subdivision (b)(6)(A)[1], which took effect in January 2022, requires imposition of a shorter prison term based on the trauma he has suffered.  (*See* Senate Bill No. 567 (2021–2022 Reg. Sess.), Stats. 2021, ch. 731, § 1.3, eff. Jan. 1, 2022.)  The People likewise urge that a remand for resentencing is appropriate.  We agree.

---

[1] Undesignated statutory references are to the Penal Code.

1

## BACKGROUND

### A.

Between October 2020 and March 2021, Luna broke into an unoccupied home in Mendocino County and resided there over the course of a few months. Numerous items from the home were damaged or stolen. Luna subsequently entered a plea of nolo contendere to first degree burglary. He did not agree to any specific term of incarceration in connection with his plea.

Luna's sentencing memorandum stated that "[a]t the time of the offense, [he] was deeply entrenched in his alcoholism and homeless[ness], which is what first prompted him to seek shelter in the home once the weather turned cold."

According to his sentencing memorandum, Luna's childhood was marked by his mother's alcoholism, which began when he was about nine years old, after his parents separated. Alcoholism was "a fact of life in the household" and Luna "saw that adults cope by drinking." Luna, "as the eldest child, was essentially left to raise himself[] [and] his three brothers, and to care for his mother while she succumbed to her alcoholism." His mother died in 2007 of alcoholic cirrhosis of the liver.

In 2011, Luna was seriously injured in a car accident. He was placed in an induced coma and nearly lost his arm to amputation; after extensive physical rehabilitation, he regained partial use of his arm.

The month before Luna's arrest, one of his brothers murdered another brother while both were intoxicated.

### B.

When the trial court sentenced Luna in December 2021, the court had discretion under section 1170, subdivision (b), to select one of three possible terms. (§ 1170, former subd. (b).) For a first degree burglary conviction, section 461, subdivision (a), provides

2

for a sentence of two, four, or six years in prison. At Luna's original sentencing, after concluding that the mitigating factors balanced out the aggravating factors, the trial court imposed the middle term of four years. Electing to suspend the prison sentence, the court granted Luna 24 months of felony probation, subject to conditions, and ordered him to pay victim restitution, fines, and fees.

In January 2022, shortly after Luna's original sentencing, amendments to section 1170, subdivision (b), took effect. (*See* Senate Bill No. 567 (2021–2022 Reg. Sess.), Stats. 2021, ch. 731, § 1.3, eff. Jan. 1, 2022.) As relevant here, section 1170, subdivision (b)(6)(A), establishes a presumption that in cases in which the defendant "has experienced psychological, physical, or childhood trauma, including, but not limited to, abuse, neglect, exploitation, or sexual violence," and that trauma was "a contributing factor in the commission of the offense," the court "shall" impose the lower term. (*See People v. Salazar* (2023) 15 Cal.5th 416, 419 (*Salazar*).) The court must impose the lower term "unless the court finds that the aggravating circumstances outweigh the mitigating circumstances [such] that imposition of the lower term would be contrary to the interests of justice." (§ 1170, subd. (b)(6); *Salazar*, at pp. 419, 423.)

After probation violations related to substance abuse, missing appointments with his probation officer, and failure to enroll in treatment programs, enroll in community service, pay restitution, and submit to drug testing, the court revoked probation in June 2023. The same month, the court sentenced Luna to the four-year prison term that had been executed but suspended in December 2021. Luna was given credit for 461 days already served.

## DISCUSSION

The parties correctly assert that Luna's case must be remanded for the trial court to consider whether the imposition of

3

the lower term for first degree burglary is required under section 1170, subdivision (b)(6)(A), based on the trauma he has experienced.[2]

At the time of the June 2023 sentencing, the ameliorative amendments in section 1170, subdivision (b)(6), were applicable because Luna's case was not yet final. (*See Salazar*, *supra*, 15 Cal.5th at p. 419; *In re Estrada* (1965) 63 Cal.2d 740, 742, 744-745.) Where, as here, a defendant was granted probation with the execution of a prison sentence suspended, the case is not yet final so long as the defendant may still obtain direct review of an order revoking probation and imposing the suspended sentence. (*See People v. Esquivel* (2021) 11 Cal.5th 671, 673.)

Further, as the People acknowledge, it "appears from the record that there was a basis for the defense argument that the presumptive low term should apply" because the trauma Luna has suffered in his life may have contributed to the offense. At Luna's June 2023 sentencing hearing, Luna's father addressed the court and alluded to Luna's brother's murder and Luna's struggles with substance abuse. The court noted "that there w[ere] some unusual family circumstances that likely contributed to some of the - - underlying problems that [he] ha[d]."

When the court was unaware of the scope of its sentencing authority at the time the sentence was imposed, remand is appropriate unless the record clearly indicates the court would have reached the same conclusion regardless. (*Salazar*, *supra*, 15 Cal.5th at pp. 419, 425-426.) Here, the trial court did not consider section 1170, subdivision (b)(6)(A), in ordering that the four-year middle term sentence be executed, and there is no indication that the court would have reached the same conclusion

---

[2] The People do not contend that Luna's counsel forfeited this ground for relief by failing to raise the issue below.

had it applied that provision.  We therefore remand the case for resentencing.

## DISPOSITION

The case is remanded for the trial court to determine whether section 1170, subdivision (b)(6)(A), requires imposition of the lower term for first degree burglary in this case.  In all other respects, the judgment is affirmed.

BURNS, J.

WE CONCUR:

JACKSON, P. J.
CHOU, J.

*P. v. Luna (A168610)*

5